UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA DE JESUS ALVARADO,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 8:18-cv-1879-T-33SPF

KIRSTJEN M. NIELSEN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court is Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs ("Application") (Doc. 10). The Court construes Plaintiff's Application as a motion for leave to proceed *in forma pauperis.*

    The *in forma pauperis* statute[1] is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). The right to file *in forma pauperis* in civil matters is not absolute, "it is a privilege extended to those unable to pay filing fees . . . ." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[2] In determining *in forma pauperis* eligibility, "courts will generally look to whether the person

---

[1] *See* 28 U.S.C. §1915(a) (2006) (providing that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor").

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).

Here, Plaintiff fails to meet the requirements to proceed *in forma pauperis*. Based on the information on record, it appears Plaintiff's gross monthly income is $2,000 (Doc. 10 at 2). Additionally, Plaintiff claims cash in the amount of $500 and property in the amount of $130,000 (*Id*.). Plaintiff's property includes a house with a value of $120,000 and a car with a value of $10,000, both properties appear to be paid in full. Plaintiff's monthly expenses and debts, on the other hand, total approximately $1,700 (*Id*. at 5). Although Plaintiff's monthly income barely exceed her monthly expenses, Plaintiff's listed properties and gross income indicate that Plaintiff has the financial ability to pay the cost of filing an action and that Plaintiff's access to the courts will not be affected by a denial of her Application. *See Brown v. Ross*, No. 3:07-CV-868-J16TEM, 2007 WL 4206810, at *1 (M.D. Fla. Nov. 27, 2007) (recommending denial of *in forma pauperis* status to an individual with a monthly income of $912.00 when his "affidavit of indigency show[ed] that his average monthly expenses d[id] not exceed his total monthly income"); *Slaughter v. Vilsack,* No. 4:12-CV-94 CDL, 2013 WL 1704909, at *1 (M.D. Ga. Apr. 19, 2013) (denying plaintiff's motion to proceed *in forma pauperis* despite finding that plaintiff's expenses exceed his income because plaintiff had listed several property with value over $225,000 in his application). Given the information currently available to the Court, it is recommended that Plaintiff's Application be denied.

Accordingly, it is hereby

RECOMMENDED**:**

(1)  Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 10) be **DENIED.**

(2)  Plaintiff be directed to pay the filing fee to continue this action within **fourteen (14) days** of the adoption of this Order, and Plaintiff be advised that failure to timely pay the filing fee may result in the dismissal of this matter without further notice.  See M.D. Fla. Loc. R. 3.10(a).

IT IS SO REPORTED in Tampa, Florida, on August 27, 2018.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02.

cc: Hon. Virginia M. Hernandez-Covington
    Counsel of record